[Cite as *State v. Hess*, 2025-Ohio-68.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2024CA0022-M |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID V. HESS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2023CR0466 |

DECISION AND JOURNAL ENTRY

Dated: January 13, 2025

HENSAL, Judge.

{¶1} David Hess appeals his conviction for aggravated possession of drugs by the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} An employee of a moving company was assisting in the eviction of Mr. Hess from the home Mr. Hess had been leasing when he discovered a chest in a cabinet above the kitchen counter. Because the contents of the house were being moved to the curb, the mover opened the chest to make sure that it did not contain anything hazardous. Upon discovering items that appeared to be drugs and drug paraphernalia, he gave the chest to a law enforcement officer who was at the eviction.

{¶3} After the suspected drugs tested positive for methamphetamine, the Grand Jury indicted Mr. Hess for aggravated possession of drugs. A jury found Mr. Hess guilty of the offense,

and the trial court sentenced him to five years of community control. Mr. Hess has appealed his conviction, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF "GUILTY" WITH RESPECT TO THE CHARGED OFFENSE OF AGGRAVATED POSSESSION OF DRUGS.

{¶4} In his first assignment of error, Mr. Hess argues that there is insufficient evidence to support his conviction. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶5} Revised Code Section 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance . . . ." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Mr. Hess argues that the evidence is insufficient to establish he knowingly possessed the drugs that were found in the kitchen, noting that he was not arrested in the kitchen of the house and no one saw him go into the kitchen before he was removed from the house. He also notes that the chest was discovered in a

closed cabinet and was shut. Mr. Hess further notes that he did not make any statements to law enforcement indicating he had knowledge of the chest or its contents.

{¶6} Possession of drugs "may be either actual or constructive." *State v. Anderson*, 2023-Ohio-4463, ¶ 13. Constructive possession has been defined as "knowingly [exercising] dominion and control over [the drugs], even though [they] may not be within his immediate physical possession." *State v. Hardison*, 2007-Ohio-366, ¶ 22 (9th Dist.), quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Ownership does not need to be proven to establish constructive possession. *State v. Mann*, 93 Ohio App.3d 301, 308 (8th Dist. 1993). Circumstantial evidence is sufficient to support the elements of constructive possession. *See Jenks* at 272-273.

{¶7} According to the mover, the chest was on the bottom shelf of the far-right cabinet that was over the kitchen countertop. The State submitted pictures of the chest and the cabinet where it was found. From the pictures, it can be determined that the chest would have filled most if not the entire shelf. The kitchen also did not contain many cabinets. Although Mr. Hess did not own the house, he had been renting and living in it and was the only occupant.

{¶8} Upon review of the record, we conclude there is sufficient evidence to establish Mr. Hess knowingly possessed the methamphetamine in the chest. He was the only resident of the house and was at the house at the time the eviction started. *See State v. Maxwell*, 2010-Ohio-4214, ¶ 19 (9th Dist). (noting that defendant owned house, was one of only two people living there, and was present when firearms were found in plain view). According to law enforcement, he also tested positive for methamphetamine during his intake at the jail. Viewed in a light most favorable to the prosecution, the circumstantial evidence was sufficient to support a finding that Mr. Hess had constructive possession of the methamphetamine and, thus, to support his conviction of aggravated possession of drugs. Mr. Hess's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

DEFENDANT-APPELLANT'S CONVICTION OF AGGRAVATED POSSESSION OF DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} In his second assignment of error, Mr. Hess argues that his conviction is against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶10} Mr. Hess argues that the jury lost its way when it found that he knowingly possessed the drugs found in the chest. He argues it was a small amount of drugs found in a closed box in a closed kitchen cabinet above the dishwasher of a house he was only leasing. He did not have any drugs on his person at the time of his arrest, he was not in the residence at the time the chest was found, he was never observed in the kitchen by law enforcement, and he never gave any indication of knowing about the presence of the drugs. To the contrary, when asked about the drugs, Mr. Hess said that he did not know what the officer was talking about. He further notes that law enforcement did not do any fingerprint or DNA testing of the chest or its contents.

{¶11} The chest was on the bottom shelf of one of the kitchen's few upper cabinets. Mr. Hess was the only resident of the house, he was present when the eviction began, and he tested positive for methamphetamine upon arriving at the jail. From those facts, we conclude the jury

could reasonably infer that Mr. Hess was in knowing possession of the methamphetamine that was discovered inside the chest. "This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events." *State v. Harris*, 2024-Ohio-196, ¶ 19 (9th Dist.). Upon review of the record, this is not the exceptional case in which the evidence weighs heavily against the conviction. *Otten* at 340. Mr. Hess's second assignment of error is overruled.

## III.

**{¶12}** Mr. Hess's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.